HARTZ, Circuit Judge,
dissenting:
The excellent majority opinion properly presents and carefully analyzes the issues raised on this appeal. But I must respectfully dissent because I would weigh some of the factors differently in this close case.
In my view, the district court was required to grant Defendant’s motion to withdraw his plea. To begin with, the motion preceded sentencing; and under our precedent, “motions to withdraw guilty pleas before sentencing are to be freely allowed, viewed with favor, treated with liberality, and given a great deal of latitude.” United States v. Carr, 80 F.3d 413, 419 (10th Cir.1996). Of course, a solemn plea of guilty is entitled to great weight. But there are important countervailing factors here. One is that Defendant had a good excuse, corroborated by his counsel, for changing his mind about pleading guilty. He was originally told by counsel that duress would not be a defense to the charge, and he sought to change his plea only after counsel corrected the original erroneous advice. What is more, nothing Defendant said when he pleaded guilty contradicts his present position. These two factors in themselves distinguish Defendant’s motion to withdraw from the mine run of such motions. Further, the burden on the prosecution and the court from allowing withdrawal of the plea would appear to be about as light as that burden could ever be.
In these circumstances I would think that the only reason to deny withdrawal would be to avoid a waste of time because *1277 conviction is a forgone conclusion. It is apparently on this point where the majority and I part ways. Although we agree that Defendant’s version of events, if believed, would constitute a defense to the charge, the majority views the plausibility of that version as being so slight as to justify denial of the motion to withdraw. I disagree. I personally am dubious of his account, but I doubt that I would be selected to serve on the jury in the case. From what I can tell from the cold record, I believe that a reasonable juror hearing Defendant’s testimony could have a reasonable doubt about his guilt. Therefore, Defendant should be permitted to go to trial if he so desires.